237 F.Supp. 684 (1964)
Gregory C. MOSHER, Plaintiff,
v.
John T. BEIRNE, Defendant.
No. 64 C 186(1).
United States District Court E. D. Missouri, E. D.
December 30, 1964.
*685 Richard M. Stout, St. Louis, Mo., for plaintiff.
Wyne & Delworth, Clayton, Mo., for defendant.
HARPER, Chief Judge.
Plaintiff alleges a cause of action arising under 42 U.S.C.A. § 1983 and jurisdiction of this court pursuant to 28 U.S. C.A. § 1343. The case is now under submission on defendant's motion for a summary judgment. The defendant is mayor of the City of Creve Coeur, a Missouri municipality.
Plaintiff sought to operate a teenager's club called the Two Plus Two Club, furnishing music and dancing for a fee, at the "Creve Coeur Country Club," situated within the corporate limits of Creve Coeur. Plaintiff operated his club on April 24, 1964, but when he sought to open for business again on May 1, 1964, the Captain of the City of Creve Coeur Police Force ordered the premises locked, stating he would arrest anyone using the premises, and that he was acting under the express orders of the defendant.
Plaintiff did not open for business and contends that as a result of such restraint upon him he has been deprived of rights guaranteed him by the Constitution and laws of the United States of America without due process of law pursuant to the Fourteenth Amendment, namely his right of freedom of peaceable assembly guaranteed him by the First Amendment; his lawful right to engage in business and to make a profit from his business and the benefit of his lawful contracts; his right to peaceable possession of property under a lawful contract for such possession; his right to equal protection of the laws, in that defendant, acting under color of his authority as Mayor, acted arbitrarily and without reasonable classification or standards as to who could or could not use the premises for business; and lastly, the right to have patrons who do not reside in Creve Coeur come to him to transact business with him.
Plaintiff prays for $2,500.00 actual damages, $10,000.00 as the reasonable value of future lost profits, and $50,000.00 punitive damages because "the actions of defendant herein complained of were done wilfully, wantonly and maliciously and with a deliberate and intentional disregard of plaintiff's rights, and with a deliberate intent of depriving plaintiff of rights guaranteed to him by the Constitution of the United States of America."
The affidavits, deposition, and exhibits filed, establish that Creve Coeur is incorporated as a fourth class city and is governed by a Board of Aldermen, consisting of four persons. The Board meets twice monthly, at which time it *686 discusses and votes on city matters. The meetings are conducted by the mayor, but he votes only in case of a tie.
Section 79.110, Revised Statutes of Missouri 1949, V.A.M.S., sets out the duties of the mayor and board of aldermen and vests them with "the care, management and control of the city and its finances, and (they) shall have power to enact and ordain any and all ordinances not repugnant to the constitution and laws of this state, and such as they deem expedient for the good government of the city, the preservation of peace and good order, the benefit of trade and commerce and the health of the inhabitants thereof, and such other ordinances, rules and regulations as may be deemed necessary to carry such powers into effect, and to alter, modify or repeal the same."
Section 79.120 provides that the mayor shall "exercise a general supervision over all the officers and affairs of the city, and shall take care that the ordinances of the city, and the state laws relating to such city, are complied with."
Section 79.200 states that "the mayor shall be active and vigilant in enforcing all laws and ordinances for the government of the city * * *."
Pursuant to these powers and those further set out in Section 79.420 RSMo, V.A.M.S., the Board of Aldermen enacted Ordinance No. 370, it being a license tax ordinance authorizing the conduct of business upon the payment of a fee, and in Section 20 of that Ordinance it is provided: "Nothing in this ordinance shall be construed to authorize the conduct of any business, trade, avocation, or activity in any district within the City of Creve Coeur unless such business, trade, avocation or activity is authorized by the zoning ordinances of the City of Creve Coeur." Zoning Ordinance No. 225 of the City of Creve Coeur was enacted February 10, 1964, and pursuant to that Ordinance, the property in question here was zoned as "`F' Commercial District" and any building or land in that district was to be used only for enumerated purposes.
On April 27, 1964, plaintiff appeared before the Board of Aldermen of Creve Coeur at its regular meeting in order to obtain a license for the operation of his business. The Board of Aldermen voted unanimously to refuse plaintiff's application for a license on the ground that to permit plaintiff to operate his business would be in violation of the City's zoning ordinance. A letter dated April 29th was sent to plaintiff, on the City's letterhead, and signed by defendant as mayor, notifying him of the Board's refusal. A copy of the letter was sent to the Creve Coeur Police Department, thus giving them notice of the rejection. This was the only correspondence with the police department over the matter, though there may have been discussion of it between the defendant and the police. Thereafter, on May 1, 1964, the police arrived at plaintiff's place of business and ordered it closed.
It is plaintiff's contention that defendant acted with the Board "under color of State law" and "in conspiracy and concert with each other" and that they determined that plaintiff could not conduct his lawful business in the future. There is further contention that the defendant, purporting to act under color of state law, under color of the authority granted him by the Board, and "pursuant to an alleged custom in the City of Creve Coeur, under which custom defendant contends it is usual and customary for the Mayor of Creve Coeur to determine who shall and who shall not be permitted to conduct business in said City," thereby illegally, unlawfully and maliciously ordered the owners of the Creve Coeur Country Club to lock the doors and deny plaintiff admission. Plaintiff finally alleges that defendant's purpose in closing plaintiff's business was to prevent persons not residing in Creve Coeur from coming there and assembling peaceably and in addition, because "defendant does not want colored people employed to furnish entertainment in connection with plaintiff's business" and the defendant desires under color of state law "to restrict the right of colored people to be *687 employed by plaintiff in the City of Creve Coeur."
Let it first be stated clearly that there is no issue of racial discrimination in this case. Plaintiff's allegations in his complaint are not such as create a valid cause of action in him. The effect of those paragraphs is that plaintiff is seeking on his own motion to correct wrongs allegedly done to others, but it is elementary in civil rights litigation that one cannot sue over the deprivation of another's civil rights. McCabe v. Atchison T. & S. F. Ry. Co., 235 U.S. 151, 35 S.Ct. 69, 59 L.Ed. 169; State of Mo. ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208; Brown v. Board of Trustees of La Grange Independent School Dist. et al., 5 Cir., 187 F.2d 20.
Plaintiff's complaint is based on 42 U.S.C.A. § 1983, which reads as follows:
"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State, or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
28 U.S.C.A. § 1343 specifically grants this court jurisdiction of this type of case. The usual diversity of citizenship and amount in controversy are not necessary. However, while this court accepts jurisdiction of this case pursuant to the statute, it also finds that whatever acts may have occurred, and even when plaintiff's allegations of defendant's activities are taken as true, he does not disclose any circumstances which justify a finding they were done for the purpose of depriving plaintiff of his constitutional rights. Plaintiff does not contest the validity of the city ordinances under which the city acted, and that such ordinances do not deprive him of due process is established by Fischer v. City of St. Louis, 194 U.S. 361, 367, 24 S.Ct. 673, 48 L.Ed. 1018; People of the State of New York ex rel. Lieberman v. Van DeCarr, 199 U.S. 552, 26 S.Ct. 144, 50 L.Ed. 305.
The alleged acts of defendant were within his authority as mayor, under authorized statutes and ordinances. It is seen further that it was not within the power of defendant to grant or withhold licenses in the City of Creve Coeur. Such action was outside his authority. Thus, any effort he may have made in this regard could not be a state action, and the prime requirement for plaintiff's suit is lacking. Simmons v. Whittaker, 5 Cir., 252 F.2d 224.
It is when a person having authority by law uses that authority to deprive another of his guaranteed rights that he is acting "under color of law." If such authority is lacking and there is thus no "color of law", then the injured party must look elsewhere to redress his injury, such as a civil action under state law. Deloach v. Rogers, 5 Cir., 268 F.2d 928. Simmons v. Whittaker, supra.
Individual rights are not the subject of the Civil Rights Act and the Acts do not confer federal jurisdiction over every complaint alleging violation of one's rights under the Fourteenth Amendment. Protection of private rights and redress for violations of them was left to the states by these federal acts and the Constitution. Moffett v. Commerce Trust Co. et al., 8 Cir., 187 F. 2d 242.
In consideration of this motion, the facts presented to the court have been construed in favor of the plaintiff, but the rules do not require unreasonable construction of the facts nor gross assumptions. As was held in McGuire v. Todd, 5 Cir., 198 F.2d 60, 63:
"* * * we disregard, as mere conclusions, the loose and general, the factually unsupported, characterizations of the complained of acts of the defendants, as malicious, conspiratorial, and done for the purpose *688 of depriving plaintiffs of their constitution rights; that the things defendants are alleged to have done, as distinguished from the conclusions of the pleaders with respect to them do not constitute a deprivation of the civil rights of plaintiffs, do not give rise to the cause of action claimed; * * *."
In accord with McGuire v. Todd, supra, see Ball v. Yarborough, 281 F.2d 789.
Defendant's motion for summary judgment is granted on this alleged cause of action under, 42 U.S.C.A. § 1983. However, this judgment is not to restrain the plaintiff from pursuing any remedy the laws and courts of Missouri may afford him. Simmons v. Whitaker, supra.
The clerk will prepare and enter the proper order sustaining defendant's motion for summary judgment.