CROWE, ADMINISTRATRIX *v.* BEN DEE, INC., ETC.

[No. 870A138. Filed July 27, 1971.]

*Philip H. Willkie, Hart E. Meyer,* of Rushville, for appellant.

*James V. Donadio, G. Daniel Kelley, Jr., Ice Miller Donadio & Ryan,* of counsel, all of Indianapolis, *Harlan, Harlan, Schussler & Keller,* of counsel, of Richmond, for appellee.

SULLIVAN, P.J.—Plaintiff-Appellant, as administratrix of the estate of her deceased husband, filed suit against his employer seeking damages for the death of the husband. The uncontroverted facts are that plaintiff's decedent sustained his fatal injury while in the course and scope of his employment. The trial court sustained defendant's Motion for Summary Judgment upon the premises that the Workmen's Compensation Act provides the exclusive remedy for such claims and that, therefore, the civil tort action here considered was improperly brought.

The plaintiff's asserted error is twofold. We must first note that appellant does not truly attack the correctness of the summary judgment with reference to the exclusive nature of the Workmen's Compensation Act as a remedy but rather attacks only the procedural method by which the trial court disposed of the action. We are obligated to observe in passing, however, that the decision below is eminently correct in its substantive legal consideration. *Seaton* v. *United States Rubber Co.* (1945), 223 Ind. 404, 61 N. E. 2d 177.

The first actual contention of plaintiff is that it was improper for the trial court to entertain and grant defendant's Motion for Summary Judgment without having first required that an answer be filed by defendant, thereby closing the issues. In this regard, plaintiff-appellant maintains that it is impossible legally or factually for a trial court to determine the "absence of a genuine issue" if the parties have not yet delineated the purported issues by virtue of the pleadings.

We summarily reject such contention. The controlling rule of procedure, Trial Rule 56(B), quite clearly recites that the Motion for Summary Judgment may be filed by a defendant *"at any time."* The restriction which plaintiff would read into the rule has no basis in law. See *Lindsey* v. *Leavy* (9th Cir. 1945), 149 F. 2d 899.

The fact that plaintiff's complaint does not allege the existence of Workmen's Compensation coverage is of no assistance to plaintiff here. Coverage under the statute is not voluntary. To the contrary, by its specific language, the Compensation Act and its remedial procedures apply to all employees and employers except certain railroad and municipal employees. IC 1971 22-3-2-2, being Ind. Ann. Stat. § 40-1202 (Burns 1965). Decedent admittedly was not within one of the excepted classifications. The pleadings, therefore, do not and cannot control the availability or unavailability of a civil tort action as an alternative to a compensation claim.

Plaintiff secondly and finally asserts that the summary judgment is defective and therefore in error because it does not embrace verbatim the specific language of the Rule, i.e., "that there is no genuine issue as to *any* material fact" (emphasis supplied), but that said judgment merely recites that there is "no genuine issue as to *certain* material facts" (emphasis supplied). Such finding, says plaintiff, does not preclude the existence of a genuine issue as to *other* certain facts.

Plaintiff's contention in this regard is not well taken even though the phrasing of the trial court's judgment and order

is not considered a model for general adaptation. Under the facts of this cause, the certain facts which the court found to be without genuine issue, i.e., that decedent suffered his injury while in the course and scope of his employment with defendant, are the only controlling facts. The possible existence of issues as to other facts of the case are not therefore germane.

The decision and judgment below are affirmed.

Buchanan, Lowdermilk and Robertson, JJ.,concur.

NOTE.—Reported in 271 N. E. 2d 509.