FRED CURETON *v.* LYMAN S. AYRES & COMPANY ET AL.

[No. 1-672A16. Filed October 19, 1972.]

James Manahan, De Witt, Richards & Manahan, of Indianapolis, for appellant.

Terrill D. Albright, Baker & Daniels, of Indianapolis, for appellees.

LOWDERMILK, J.—The complaint in this cause of action is for false imprisonment.

The facts are that ——— Attwood, Badge 405, was a duly appointed police officer of the City of Indianapolis and was getting in some extra work at L. S. Ayres & Company as a security guard. Plaintiff-appellant visited the L. S. Ayres store in Indianapolis as a prospective customer and was taken into custody by ——— Attwood and searched by him in the presence of others in the store. The plaintiff-appellant was taken upstairs where he was again searched and detained for a couple of hours and then permitted to go.

Plaintiff-appellant brought action in the Federal Court at Indianapolis alleging said facts and that his constitutional rights had been violated because of the alleged false imprisonment.

In the Federal Court a motion to dismiss was filed by the defendants-appellees herein for the reason that the plaintiff-

appellant failed to state a claim because L. S. Ayres is a private corporation and did not have authority or power under state or local law sufficient to enable it to act *under color of law*, and, that the Federal Court did not have subject matter jurisdiction of a 42 U. S. C. § 1983 civil rights action against L. S. Ayres and Company because said company is a private corporation and does not have authority or power under state or local law sufficient to enable it to act *under color of law*.

Judge Steckler of the Federal Court granted the motion to dismiss and handed down a written opinion in which he cited cases and stated that the defendant Ayres had not acted under color of law and also that even though ——— Attwood, Badge 405, was a member of the Indianapolis Police Department and an employee of Ayres in his off-duty hours, such dual status did not support the police officer's acting *under color of law*. (Our emphasis.)

The opinion further stated the complaint failed to state a claim upon which relief could be granted because it failed to allege facts sufficient to show that the plaintiff was deprived of any right, privilege or immunity secured to him by the laws or the Constitution of the United States.

The case at bar was subsequently filed in a State Court in Indianapolis and later venued to the Hendricks Circuit Court.

In the Indiana trial court a motion was filed for summary judgment, wherein defendants-appellees alleged:

"1. The plaintiff has previously asserted a claim against these defendants based upon the same facts in a prior action which resulted in a final adjudication on the merits in favor of these defendants.

"2. The plaintiff's present suit is now barred by the doctrine of res judicata."

The trial judge sustained the motion for summary judgment with a written opinion wherein he said that in the opinion by

Judge Steckler, wherein he sustained a motion to dismiss in the Federal Court cause between these parties and upon the same factual situation, "The plaintiff has not stated a claim upon which relief can be granted." and, further, the trial judge held that such a dismissal constituted a final judgment against the plaintiff-appellant herein.

The trial judge's opinion stated further that there is no genuine issue in dispute as to the fact that this cause has been adjudicated and that defendants-appellees' motion for summary judgment should be and was granted.

A motion to correct errors was filed, naming one specification only, to-wit: "The court erred in sustaining defendants' motion for summary judgment."

Judge Steckler in writing his opinion in the Federal Court, in discussing the pleadings, said:

> " '. . . the pleadings must show that the pleader is entitled to relief with sufficient clarity that a defendant is on notice of the acts charged against him in order to be able to frame a defense. It also means that the Court will be in a position to see that there is some legal basis for recovery. *This is particularly important in the Civil Rights Act area, where on scrutiny it is often revealed that a plaintiff is trying to use the Civil Rights Act as a way of "appealing" a state court judgment or where the Plaintiff is trying to raise solely state law claims, e.g., false imprisonment or malicious prosecution.*' "

Judge Steckler's next paragraph of opinion said it would seem under Rule 8, to require in a case of the type before him that

> " '. . . *Plaintiff set forth with some specificity the acts allegedly depriving her of Constitutional rights, as well as the nature of the Constitutional rights involved in each instance.* (Emphasis added.) *Shakespere* v. *Wilson*, 40 F. R. D. 500 (S. D. Cal. 1966).' "

From this, we are of the opinion that Judge Steckler was saying the action before him was purely under the Federal

Constitution and did not involve plaintiff-appellant's right of action in state courts for false imprisonment.

The trial judge based his decision granting defendants-appellees' motion for summary judgment on the case of *England* v. *Dana* (1970), 147 Ind. App. 279, 259 N. E. 2d 433, which set out the elements required for an action to be *res adjudicata*, as follows:

> "As stated by the Supreme Court of Indiana in *Burrell* v. *Jean* (1925), 196 Ind. 187, 146 N. E. 754, a plea of prior adjudication is valid if supported by the concurrence of the following: (1) A judgment rendered on the merits; (2) By a court of competent jurisdiction; (3) Identity of parties; and (4) Identity of subject matter. A prior adjudication which meets the above tests constitututes a bar to a subsequent action upon the same subject matter between the same parties."

Both the appellant and appellees rely on *England, supra,* and the proper interpretation of that case is at issue in this appeal. *England, supra,* involved an action for loss of consortium arising out of an industrial accident which came under the Workmens Compensation laws. The federal court dismissed the action for failure to state a claim upon which relief could be granted. Plaintiff thereupon filed exactly the same action in the state court which sustained a demurrer to the complaint for want of facts because of the prior adjudication doctrine. The trial court's decision was affirmed in an opinion by Judge Carson of this court.

Plaintiff-appellant contends that Judge Steckler's decision was a judgment only on the civil rights action and should not be construed to be a judgment on the merits of the factual basis of the action. Appellant contends that such a decision would not be a final adjudication on the state action for false imprisonment and could not be held as a prior adjudication to defeat the state action on a motion for summary judgment.

Plaintiff-appellant's action in Federal Court was based solely on an alleged violation of his civil rights. Defendants-appellees'

motion to dismiss in Federal Court was directed only *to the color of law* requirement which is a necessary element in a civil rights action of this type and was silent as to any allegation of false imprisonment.

Judge Steckler, in his opinion, stated as follows:

"The plaintiff has not stated a claim upon which relief can be granted. He has alleged in a general way that some of his constitutional rights were violated but he has not alleged facts sufficient to indicate that a specific right, privilege or immunity was violated."

Defendants-appellees contend that *England* v. *Dana, supra,* was properly construed by the state trial judge. Appellees point out that *England, supra,* held as follows:

"However, where a motion to dismiss is directed to the complaint for failure to state a claim and the motion is sustained, unless otherwise specified in the order of dismissal, such order constitutes a final adjudication upon the merits of the claim."

This court agrees with the above quoted language. However, in the case at bar, appellant admits that Judge Steckler's ruling was a final adjudication on his *civil rights action,* but contends that the question is whether this final adjudication can also be applied to the state action in controversy.

Appellees contend that the Federal Court had jurisdiction to decide the right to recover under the false imprisonment action. Appellant contends that he had no other remedy available except the state courts when his civil rights action was dismissed in Federal Court and further argues that the Federal Court could not have decided the false imprisonment action because it lacked jurisdiction after the civil rights claim was dismissed. (This is under the doctrine of pendent jurisdiction, as later defined and discussed in this opinion.) No evidence was heard in Federal Court and the sole basis for dismissal was that Ayres could not act *under color of law,* thus presenting no civil rights claim upon which relief could

be granted. Appellant contends that since no evidence was heard, the Federal Court could not have exercised its discretion to hear the state claim.

The doctrine of pendent jurisdiction in the federal system is set out in the leading case, *United Mine Workers of America* v. *Gibbs* (1966), 383 U.S. 715, 86 S. Ct. 1130, where the court defined pendent jurisdiction as follows:

> ". . . Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority * * *,' U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. *Levering & Garrigues Co.* v. *Morrin,* 289 U.S. 103, 53 S. Ct. 549, 77 L. Ed. 1062. . . ."

In *Anderson* v. *Nosser* (1971), 438 F. 2d 183, a common set of facts gave rise to both a civil rights action and a state action for false imprisonment. The court found that police officers were *under color of law,* thus creating a substantial federal question. The court then exercised its discretion and decided the state claims. The court quoted from *Gibbs, supra,* as follows:

> ". . . The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, *assuming substantiality of the federal issues,* there is *power* in federal courts to hear the whole." (Our emphasis.)

The distinguishing factor from the case at bar is, that in *Anderson, supra,* the court found a substantial federal issue.

*Sauls* v. *Hutto* (1969), 304 F. Supp. 124 was a case involving state claims for wrongful death and alleged civil rights and due

process questions. The court found that it had the *power* to decide the state claims even though it might find adversely or refuse to rule on the federal questions. The court said as follows:

"Furthermore, plaintiff's federal claim clearly has 'substance sufficient to confer subject matter jurisdiction on the court.' In contending that her son's life was taken under color of state law in violation of his constitutional rights, she has presented the court with serious constitutional questions. *On the pleadings,* she stated a cause of action under 42 U. S. C. § 1983, based on wanton police brutality; the facts do not support these charges, but this *could not be determined until the trial was concluded.*" (Our emphasis.)

In the case at bar, the *pleadings* in the Federal Court failed to state a cause of action, the action was dismissed for that reason, and no trial was had on the merits.

The court in *Sauls, supra,* cited *Strachman* v. *Palmer* (1949), 177 F. 2d 427, where that court held that pendent jurisdiction should be exercised where the interests of justice required the state claim to be decided. In *Strachman, supra,* the court had finished a *trial on the merits* and to deny the pendent jurisdiction would have resulted in judicial waste.

*Gibbs, supra,* in discussing when the power to exercise pendent jurisdiction should be used, stated:

"That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co.* v. *Tompkins,* 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that

the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. . . ."

In the case at bar, no trial on the merits has been held. No questions of fact have been decided; indeed, the only decision that has been decided is that the defendants cannot act under color of law. The principle of pendent jurisdiction is within the discretionary power of the federal court, but, as seen in *Gibbs, supra,* the federal court is not required to invoke pendent jurisdiction and will do so only to further the policy reasons set out. In this case, there would be no justification for Judge Steckler to hear the state claim if no federal claim was found and no trial on the merits was held. Indeed, in our opinion, the federal court would have been abusing its discretion if it had invoked pendent jurisdiction.

In *Mosher* v. *Beirne* (1964), 237 F. Supp. 684, the United States District Court, E. D. Missouri, was faced with a similar situation as Judge Steckler was in the case at bar. A civil rights violation was alleged and a state claim was also present arising from the same factual situation. The court found that the defendant was not acting under color of law and granted defendant's motion for summary judgment. However, the court ruled as follows:

"Defendant's motion for summary judgment is granted on this alleged cause of action under, 42 U. S. C. A. § 1983. However, this judgment is not to restrain the plaintiff from pursuing any remedy the laws and courts of Missouri may afford him. *Simmons* v. *Whitaker, supra.*"

In the case at bar, Judge Steckler did not speak as plainly as the judge in *Mosher, supra,* but his intent is clear. Judge Steckler dismissed the federal action because the defendants had not acted under color of law. However, he did allude to the situation where a plaintiff was raising solely state law claims and used as an example, "e.g. false imprisonment. . . ."

In our opinion, Judge Steckler was strongly implying that plaintiff was in the wrong forum and should be pursuing his claims in state courts, as there was no diversity of citizenship. We find that there was an adjudication on the motion to dismiss and there has not been a prior adjudication on the merits, and conclude that the federal court would not have pendent jurisdiction in the state action for false imprisonment. In our opinion, plaintiff-appellant has not had his day in court and we conclude that the state court is the proper forum to hear his action for false imprisonment.

For the reasons set out herein, the decision of the trial court is reversed and the cause remanded for further action not inconsistent with this opinion.

Robertson, P.J., and Lybrook, J., concur.

NOTE.—Reported in 287 N. E. 2d 904.