CROWN POINT COMMUNITY SCHOOL CORPORATION ET AL. *v.* NICHOLAS D. RICHARDS ET UX.

[No. 3-972A58. Filed December 20, 1972. Rehearing denied February 7, 1973. Transfer denied July 3, 1973.]

*Edmond J. Leeney,* of Hammond, *Herman Barber,* of Crown Point, for appellants.

*Kenneth D. Reed,* of Hammond, for appellees.

SHARP, J.—Defendant-appellant, Crown Point Community School Corporation (School Corporation) appeals from a decision which quieted title to certain real estate in favor of the plaintiffs-appellees (Richards), canceled a commissioner's deed and permanently enjoined the School Corporation from selling the real estate in question to a private third party.

In 1953, the predecessor of the School Corporation brought an action under IC 1971, 20-5-23-1 *et seq.*; Ind. Ann. Stat. §§ 28-4004 *et seq.* (Burns 1970) to acquire by condemnation certain lands of Richards. The proceeding culminated in a commissioner's deed being executed and delivered to the predecessor of the School Corporation and the sum of $8,000.00 being paid to the Richards. No appeal was taken from this initial action.

For sixteen years the land remained unsued for school or any related purpose and in 1969 the School Corporation de-

cided to sell the land at public sale. Upon learning of the intended sale, the Richards filed a complaint in the Lake Circuit Court asserting fee simple title to the land, and asked, among other things, that title be quieted in them. The Richards also asserted procedural defects in the attempted sale which allegedly rendered said attempted sale illegal and void. The case was venued to the Benton Circuit Court, which granted a partial summary judgment in favor of the School Corporation on the issue of title to the land but reserved for trial the other issues relating to the procedures followed for the public sale. The judgment of the Benton Circuit Court reads, in part as follows:

"Comes now the Plaintiff and files counteraffidavit, which includes a photocopy of the record of Cause No. C53-187 in the Lake Circuit Court in which said cause a deed was ordered executed to the school city of Crown Point, Indiana, by one John R. Lynch, duly appointed Commissioner of the Lake Circuit Court for the execution of said deed in which affidavit and papers read as follows: to wit: (Here Insert) And come now again the parties by counsel, and defendant's Motion For Summary Judgment is submitted to the Court for findings and judgment. Argument heard. And now the parties by agreement stipulate that the description of the land contained in plaintiffs' complaint in this cause is correct and is the real estate in question. And now the Court finds and adjudges that said motion for summary judgment should be sustained and the Court specifically finds and adjudges that the title in fee simple to said real estate is in the Crown Point Community School Corporation in Lake County and the Court further finds and adjudges that all matters not pertaining to the title of said real estate are at issue in this cause upon said complaint and the answers filed thereto."

The School Corporation thereafter elected to abandon the sale. The Richards, however, attempted to appeal the partial summary judgment as an interlocutory order, but the appeal was dismissed without opinion. In ruling on the Petition for Rehearing, our Supreme Court, in *Richards* v. *Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5, wrote a per curiam opinion to clarify their position and stated:

"For all the foregoing reasons the court hereby finds that, the order and judgment as to the fee simple title in question having been a final order, the proper route of appeal lay in the filing of a motion to correct errors and a review before the Appellate Court. TR. 59(G).
The motion previously granted to dismiss the direct appeal to this court is therefore re-affirmed."

In 1970, the School Corporation again sought to sell the land by public sale to a private third party. The Richards filed a complaint which was identical to the one filed in the earlier action and which contended that they were the owners in fee simple of the land in question and asked for the same relief. Thereafter the School Corporation filed a Motion to Dismiss with exhibits attached showing the previous complaint filed, Motion for Summary Judgment filed, and a copy of the judgment of the Benton Circuit Court. No counter-affidavits were filed and the facts were not in dispute. The trial court overruled the Motion to Dismiss and thereafter the evidence was stipulated. On May 9, 1972, the trial court entered judgment quieting title in favor of the Richards. The School Corporation's Motion to Correct Errors was overruled and this appeal perfected.

The two primary issues presented here for review are as follows:

1. Whether a prior judgment of the Benton Circuit Court decreeing that the school corporation had a fee simple title to the land in question, and denying appellees' request for quiet title, was res judicata to this action.

2. Whether a condemnation proceeding commenced under IC 1971, 20-5-23-1 through 20-5-23-4, Ind. Ann. Stat. §§ 28-4004-28-4007 by a school corporation results in said corporation acquiring a fee simple title, or a title that will revert to the initial owner if the land is not used for school purposes within five years.

Regardless of the correctness of the judgment of the Benton Circuit Court which quieted title to said real estate

in the School Corporation, we must first determine whether said judgment conclusively decided the question of title as between the two parties and is, therefore, res judicata as to this action.

The requisite elements necessary for the application of the the doctrine are enumerated in *Wright* v. *Kinnard*, (1970), 147 Ind. App. 484, 262 N.E.2d 196, where this court stated:

"The basic elements of res judicata are fourfold: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been, determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit; and (4) judgment in the former suit must have been rendered on the merits."

See also *Amann* v. *Tankersley* (1971), 149 Ind. App. 501, 273 N.E.2d 772; *Johnson* v. *Knudson-Mercer Company* (1906), 167 Ind. 429, 79 N.E. 367.

There is no question but that the former judgment was rendered by a court of competent jurisdiction and that the parties are the same as in the prior suit. Although the Richards question whether summary judgment was a decision on the merits, the major thrust of their argument centers on whether the former judgment conclusively determined all questions relating to the title to the real estate. It is in regard to this element that the Richards advance several arguments, cumulative in nature, as to why the former judgment is not a bar to this present action.

The Richards first argue that the Benton Circuit Court judgment never did grant or deny their claim. The judgment simply found the fee simple title to said real estate was in the School Corporation, without deciding what interest, if any, the Richards had in the property.

Secondly, the Richards contend that since the School Corporation abandoned the sale of 1969, which precipitated the initial law suit, the issues reserved for trial were rendered

moot. They claim that the issue of forfeiture was never raised or decided by the Benton Circuit Court because the Richards complaint, although seeking to quiet title, did not attack the retention of title by the School Corporation, but rather, the attempted sale.

As to the first issue, the School Corporation was not required to file an answer or counterclaim before filing a motion for summary judgment, but may file said motion at any time. Trial Rule 56 B; *Crowe* v. *Ben Dee, Inc.* (1971), 149 Ind. App. 280, 271 N.E.2d 509. The issue of the Richards' claim to the fee simple title to the real estate was raised by their complaint. In regard to the issue of title, the School Corporation filed a Motion for Summary Judgment which asserted that said corporation had title to the real estate by virtue of a Commissioner's Deed. The Benton Circuit Court's order decided two things. By its granting of partial summary judgment, the court decided against the Richards' claim to the fee simple title. The court then proceeded further, since there was no issue as to any material facts, and specifically decided that the School Corporation had the fee simple title to the real estate. Regardless of the propriety of the latter action, the fact remains that the granting of the Motion for Summary Judgment was a denial of the Richards' claim to the fee simple title as alleged in their complaint.

The Richards were dissatisfied with the scope and nature of the Benton Circuit Court decision and they appealed therefrom. In *Board of Commissioners of Adams County* v. *State, ex rel. Gibson* (1948), 226 Ind. 633, 637, 82 N.E.2d 891, our Supreme Court said:

> "If jurisdiction was lacking there would be no valid judgment, but if the court erroneously entered a judgment which was not supported by the law, something that was contrary to the 'rights' of the appellees, then the only method of correcting that error would be by an appeal and reversal."

The appeal was dismissed by our Supreme Court for procedural reasons which put said judgment beyond attack. Thus, the Benton Circuit Court judgment denying the Richards' claim to the fee simple title stands as a final judgment and is res judicata to this action unless there remain issues which were not and which could not have been raised and determined in said action. This brings us to the Richards' argument that the issue of forfeiture was not raised or decided in the Benton Circuit Court. An examination of the complaint in that action in the Benton Circuit Court is illuminating and, in part, reads as follows:

> "(i) That under the law of the State of Indiana, where the defendants . . . purport to appropriate land under the Indiana law (which is the only authority for doing so), said appropriation of plaintiffs land can only be 'for school purposes' under the statute, and in the event it is not used or devoted to school purposes, then it reverts to plaintiffs, the landowners. Such land cannot be sold to others by the School Corporation or Board and it cannot otherwise be used than for school purposes."

The above language is identical to that used in the complaint filed in this present cause of action. The clear intent of the above paragraph would seem to be to raise the issue of forfeiture and reverter, which could be the only way the Richards could have any claim to the fee simple title to the real estate. The Richards' attempt to circumvent the apparent thrust of said language by arguing that even though the real estate was forfeited by the School Corporation for non-use in 1958, the Richards would only assert their reacquired title if the School Corporation attempted to sell the property, and that since the School Corporation abandoned the initial sale, the motivation for asserting their reacquired title no longer existed. This argument pre-supposes that this court may take cognizance of the alleged motivation of the Richards in seeking to quiet title in the Benton Circuit Court.

It is axiomatic that, regardless of the motivation, the Richards raised the issue of their claim to the fee simple ownership of the land by their own complaint in the Benton Circuit Court. The claim to said ownership was based upon the precise same theory advanced in this action, i.e., that the appropriation of their property could only be for "school purposes" and that in the event that it was not so used, it reverted to the Richards. Having raised the issue in the Benton Circuit Court, the Richards cannot now contend that it was raised only for the limited purpose of stopping the sale of the land. The question of title to the real estate was separate and distinct from any procedural defects in the attempted sale by the School Corporation.

Even assuming that the Richards had only the limited purpose in mind, it is of no avail since the doctrine of res judicata applies not only to issues that are actually raised, but also to any issues that might have been raised. In *Hammond Pure Ice & Coal Co.* v. *Heitman* (1942), 221 Ind. 352, 358, 47 N.E.2d 309, our Supreme Court stated:

> "It has many times been held by this court that the doctrine of *res adjudicata* embraces not only what was actually determined, but every matter which the parties could have litigated in the cause. The judgment in the former case is conclusive and bars a subsequent action if an opportunity was presented to litigate the entire subject matter in the first action."

Once the Richards decided to contest the initial attempted sale of the property and raised the issue of their alleged title, they were bound by the decision as to all issues which they might have raised. By their initial complaint, the Richards had an opportunity to avail themselves of the issue of forfeiture. Whatever the motivation for not doing so, it is now beyond the pale and cognizance of this court.

Finally, the Richards argue that under the Benton Circuit Court judgment the School Corporation could only have ob-

tained what they received in the initial condemnation case, which was a title subject to forfeiture. The Richards are thus attempting to question the scope and nature of the fee simple title quieted in the School Corporation by the Benton Circuit Court. However, said judgment not only quieted title to the real estate in the School Corporation, but also granted summary judgment in favor of the School Corporation in regard to the Richards' claim to the fee simple title. Thus, we need not reach and decide the second issue concerning the exact nature of the School Corporation's title as the Richards are precluded from attacking said title. The Benton Circuit Court judgment quieting the fee simple title to the real estate stands as a final judgment which conclusively determined the respective rights of the parties in and to the subject real estate.

We hold that the Benton Circuit Court judgment is res judicata as to any claim by the Richards to the fee simple title to the real estate. The judgment of the trial court is therefore reversed with instructions to enter judgment for the appellant School Corporation.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 290 N.E.2d 449.