ADELE MARIANNE MCCARTHY (WALL) *v.* JOSEPH CLARK MCCARTHY.

[No. 1-673A117. Filed March 18, 1974. Rehearing denied April 30, 1974. Transfer denied July 8, 1974.]

*Edward B. Wallis, George A. Porch, Bamberger, Foreman, Oswald and Hahn,* of counsel, of Evansville, for appellant.

*John D. Clouse,* of Evansville, for appellee.

LOWDERMILK, J.—This is an action under an amended complaint for money due under a judgment (divorce decree) of a foreign jurisdiction (Connecticut.)

Plaintiff-appellant, Adele McCarthy (Wall) (hereinafter referred to as "Adele") sought recovery for past due alimony, child support, medical expenses, summer camp expenses, and attorney fees from defendant-appellee, Dr. Joseph McCarthy (hereinafter referred to as "Joseph.")

The cause was filed in Warrick County, the residence of Joseph, and venued to Knox County. Trial was had to the court with the court making findings of fact and conclusions of law and with the judgment of the court being against Adele and in favor of Joseph. Motion to correct errors was timely filed and overruled by the court.

The facts are that the parties were married in 1960 in Torrington, Connecticut, with three sons being born of that marriage. The marriage was dissolved on July 10, 1969, by a divorce decree granted by the Superior Court of Litchfield County, Connecticut. A separation agreement signed prior to the decree was incorporated into the divorce decree.

Following the divorce Joseph remarried and moved to Indiana in 1969. In June of 1970 Joseph began breaching the divorce decree by refusing to pay alimony and certain medical expenses. An action was filed in the Vanderburgh Superior Court by Adele and a fixed money judgment for the weekly alimony due her from June, 1970, through January 11, 1971, was granted. This judgment was eventually enforced through the use of proceedings supplemental.

The Vanderburgh judgment was appealed to this court by Joseph with said judgment being affirmed. (See, *McCarthy* v. *McCarthy* (1971), 150 Ind. App. 640, 276 N.E.2d 891.) The proceedings supplemental action was also appealed to this court by Joseph with this court rendering a decision in favor of Adele. (See, *McCarthy* v. *McCarthy* (1973), 156 Ind. App. 416, 297 N.E.2d 441.)

In this action Adele seeks alimony which was due and unpaid from January 11, 1971 through September 3, 1971, the date of her remarriage. The Connecticut decree required Joseph to pay an additional $18.00 per week per child in the event that Adele should remarry. In this action Adele seeks back support for the additional $18.00 per week per child which Joseph has refused to pay. Adele also seeks back alimony due as a result of a specification of the Connecticut decree which granted Adele alimony in the amount of 25% of the taxable income of Joseph in excess of $20,000 per year.

The judgment of the Knox Circuit Court includes findings of fact which basically finds that the back alimony claimed by Adele in her complaint, including the 25% of the taxable income above $20,000 per year and alimony for the period from January 11, 1971, through September 3, 1971, is due Adele and that Joseph has failed and refused to pay the same. The court made no findings in regard to child support, medical expenses, or summer camp expenses.

The specifications of the motion to correct errors will be discussed herein as they relate to the issues raised in Adele's brief and shall be grouped as we deem necessary.

The first issue we shall discuss is whether the trial court erred in its judgment that Adele's claims had been previously adjudicated by the Vanderburgh judgment and were thus barred. Joseph raised an affirmative defense of *res judicata*, based on the Vanderburgh judgment. In its conclusions of law the Knox Court found as follows:

> "(3) There has been a prior adjudication of the Claim sued upon therein, to-wit: The Connecticut Divorce Decree, said prior adjudication having been in the Vanderburgh Superior Court and same is now barred herein."

Adele contends that the trial court erred, as the claims for which she sought recovery were either non-existent or unknown at the time of the Vanderburgh judgment and were not before the Vanderburgh court. Adele's claims were

basically for alimony due her after January 11, 1971. Said alimony necessarily was not before the Vanderburgh Court, as its judgment was made on January 11, 1971. The 25% of the excess of Joseph's taxable income exceeding $20,000 per year was based on Joseph's tax returns for each year. Adele contends that said returns were wrongfully withheld from her by Joseph and that neither she nor the Vanderburgh Court had knowledge that such alimony was due at the time of the Vanderburgh judgment. Adele further contends that the increased support obligation resulting from her remarriage could not have been adjudicated by the Vanderburgh Court, as said support obligation did not come into existence until September 3, 1971. Finally, Adele contends that her claim for attorney fees is based on attorney fees incurred after the Vanderburgh judgment. Thus, Adele contends that her claims were not and could not have been adjudicated by the Vanderburgh Court as of January 11, 1971.

The doctrine of *res judicata* arises to bar further litigation in an action which was or could have been adjudicated in a prior suit. The basic elements of *res judicata* were stated in the case of *Crown Point Community School Corp.* v. *Richards* (1972), 154 Ind. App. 545, 290 N.E.2d 449, 452, as follows:

> " 'The basic elements of res adjudicata are fourfold: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been, determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit; and (4) judgment in the former suit must have been rendered on the merits.' " See, also, *Cureton* v. *Lyman S. Ayres, et al.* (1972), 153 Ind. App. 495, 287 N.E.2d 904.

In the case of *Bob Layne Contractor, Inc.* v. *Buennagel* (1973), 158 Ind. App. 43, 301 N.E.2d 671, 679, Judge Buchanan of this court discussed the doctrine of *res judicata* and concluded as follows:

> "So, assuming without deciding that there were the same 'parties' to these two 'actions', *the same subject matter*

*or claim must also be involved for res judicata to apply."* (Our emphasis.)

In the case at bar the same parties are involved in this litiga- as were litigants before the Vanderburgh Court, which was and is a court of competent jurisdiction.

Adele contends that while the Connecticut judgment serves as the basis for both the Vanderburgh judgment and the case at bar, the claims in each case are separate and distinct and the claims made in the case at bar were not and could not have been adjudicated by the Vanderburgh Court.

Under the Connecticut decree obligations were placed upon Joseph to make certain monetary payments to Adele as they became due. As each liability accrued under the Connecticut decree, a separate and distinct cause of action arose. Thus, although the action in the case at bar is based on the same Connecticut judgment that was before the Vanderburgh Court, the claims in each case were separate causes of action and an adjudication on one claim is not a bar to a subsequent action based on rights flowing from the same instrument but which had not accrued at the time of the prior judgment.

The Connecticut decree which required periodic payments of alimony and support is analogous to the case of *Epstein* v. *Greer* (1882), 85 Ind. 372, wherein the court was faced with a situation where a tenant had failed to pay rent. The tenant had earlier failed to pay rent under the agreement and judgment had been recovered by the landlord for rents due up to that time. In the subsequent suit for rents not paid following the first judgment the tenant raised the doctrine of *res judicata.* The court held that the former adjudication only included the rents due up to the time of the trial and that the rents unpaid following the trial were not litigated in the former trial. The court concluded:

> "The failure to pay rent after the former trial was a subsequent breach of the contract to pay rent, and the unlawful holding over was a continuous injury, for which the former suit could not be a bar as *res adjudicata. . . . "*

The court in *Block et al.* v. *Ebner* (1876), 54 Ind. 544, when faced with a situation similar to *Epstein, supra*, held:

"The case of *Leach* v. *Leach*, above cited, recognizes the fact that a continuance of the breach sued for, after the commencement of such suit, is regarded in law as a successive breach, for which another action will lie."

It must be noted that in *Epstein, supra*, and *Block, supra*, the claims were based on a single instrument and subsequent successive breaches of that instrument created new and independent causes of action. It is our opinion that the Connecticut divorce decree, when it required periodic payments of alimony any support, based on contingencies which might or might not happen, results in exactly the same type of situation, wherein successive breaches of the Connecticut judgment give rise to new and independent causes of action.

As stated above, the claims in the case at bar arose from the failure of Joseph to comply with the Connecticut judgment, which claims arose after the Vanderburgh judgment. Based on the authorities cited above, it is our opinion that the Vanderburgh judgment was not *res judicata* for these claims.

The next issue raised by Adele is that the trial court erred in its conclusions of law number 1, which reads as follows, to-wit:

"(1) The Connecticut Judgment herein sued upon was a Claim sued upon in the Vanderburgh Superior Court and was merged in the Judgment of said Court and is the same Claim as sued upon herein."

Adele contends that the Connecticut decree was not merged into the Vanderburgh judgment. If this contention is correct then the Connecticut decree would be a proper foundation for the action in the case at bar.

Adele argues that the doctrine of merger is not applicable to divorce decrees where continuing obligations are established. As stated hereinabove the divorce decree can serve as a basis for different actions resulting from continuous

breaches of the obligations imposed by the decree. Each action is an individual claim, although the several actions can have as their basis a single source.

It must be noted that the Vanderburgh judgment itself recognizes the validity of the Connecticut decree, as follows:

"IT IS FURTHER ORDERED That defendant continue paying Plaintiff in the future the aforesaid weekly alimony as required by the foregoing provisions of said Connecticut judgment promptly as it becomes due and owing to plaintiff, in accordance with said judgment entry until the conditions for cessation of such alimony shall occur or until further order of the Superior Court of Litchfield County regarding such alimony payments."

A close reading of the above quoted portion of the Vanderburgh judgment indicates to this court that the Vanderburgh Court was aware of the continuing jurisdiction of the Connecticut court and regarded the Connecticut decree as being an independent and valid judgment, apart from the Vanderburgh judgment.

The major thrust of the merger argument as set out by Joseph centers on the portions of the Vanderburgh judgment which copy verbatim portions of the Connecticut decree. The portions copied by the Vanderburgh Court include the judgment of the Connecticut court which grants the divorce, grants custody, establishes alimony, provides for child support, and the contingencies that might arise through later action of the parties.

Adele contends, and we agree, that the portions of the Connecticut decree which were copied into the Vanderburgh judgment were merely surplusage and had no binding effect, and were without legal significance.

The Vanderburgh Court, in the above quoted paragraph, also ordered Joseph to continue paying alimony as required by the Connecticut decree. Joseph contends that this is another indication that the Connecticut decree was merged into the Vanderburgh judgment. However, it is our opinion that this

contention is not well taken. In the case of *Lynde* v. *Lynde* (1901), 181 U.S. 183, 21 S.Ct. 555, a divorce was granted in New Jersey, and an alimony award made in that state in favor of the wife. The husband then moved to New York and failed to comply with the alimony provisions of the New Jersey decree. The wife sued the husband in New York for past due alimony plus future alimony. The New York court granted the wife a lump sum judgment for past due alimony but refused to order the husband to pay future alimony. The Supreme Court upheld the position of the New York court, and stated as follows:

> "The decree for the payment of $8840 was for a fixed sum already due, and the judgment of the court below was properly restricted to that. The provision of the payment for alimony in the future was subject to the discretion of the Court of Chancery of New Jersey, which might at any time alter it, and was not a final judgment for a fixed sum. . . ."

It is our opinion that the Supreme Court has answered the appellant's contention that the Vanderburgh Court could not order the future payment of alimony. The facts in the case at bar are very similar to the facts in *Lynde* and the same reasoning and result would apply. The import of the *Lynde* decision is that the Vanderburgh Court was restricted to granting Adele a money judgment for a fixed sum based on alimony decreed by the Connecticut court which was due and unpaid. Therefore, the portion of the Vanderburgh judgment which orders Joseph to continue compliance with the Connecticut decree is surplusage and of no legal effect.

The *Lynde* decision firmly establishes that the Connecticut decree was in no way merged into the Vanderburgh judgment. This being the case, it is our opinion that Adele could properly bring suit in a court of competent jurisdiction based on the Connecticut decree for any non-compliance by Joseph with that decree. Thus, the above quoted portion of the Knox Circuit Court conclusion of law number 1, which concluded that the Connecticut judgment was merged into the Vander-

burgh judgment and could not form a basis for suit in this case, is in error.

For the above stated reasons, it is our opinion that the trial court committed reversible error in its first and third conclusions of law, finding merger of judgments of the Connecticut court and the Vanderburgh court, and in finding that the claims in the case at bar had been previously adjudicated in the Vanderburgh judgment and were *res judicata*, and in its judgment thereon that Adele recover nothing, and is contrary to law.

It is our opinion that there was evidence on all of the material issues of Adele's claim and that this cause must be remanded to the trial court for additional findings of fact on all of the material issues of Adele's claim, pursuant to Rule AP. 15.

The findings of fact of the Knox Circuit Court establish that Adele bore her burden of proof as to all of her claims for alimony. However, the trial court made no findings as to Adele's claims for additional child support, medical expenses, or summer camp expenses. The trial court is ordered and directed to make additional findings as to additional child support, medical expenses and summer camp expenses. (Rule AP. 15) The trial court is then ordered to make conclusions of law and judgment on all the material issues of Adele's claim. (Rule AP. 15)

The final issue raised in this appeal relates to the failure of the Knox Circuit Court to allow attorney fees.

The court, by conclusion of law number 4, stated: "The plaintiff herein . . . should recover nothing on the written agreement between the parties as to attorney fees." We note that the trial court made no finding of fact in regard to the attorney fees and thus we have no knowledge of the basis for his conclusion of law denying attorney fees.

Judge Sullivan of this court, in *McCarthy* v. *McCarthy* (1971), 150 Ind. App. 640, 276 N.E.2d 891, held that in accord-

ance with the expressly stated intent of the parties in that action (the same being the same parties to this action) the separation agreement did not "merge" into the Connecticut decree, but was "incorporated" in the same. This court held that the provision of the Connecticut separation agreement meant that absent a merger of the decree and the separation agreement, the separation agreement is a proper subject for an independent cause of action in Indiana based upon contract. As authority Judge Sullivan cited *Carson* v. *Carson* (1950), 120 Ind. App. 1, 89 N.E.2d 555.

The provision of the separation agreement relating to attorney fees required Joseph to pay all reasonable attorney fees that might be incurred by Adele in connection with the enforcement of the terms of the separation agreement or the enforcement of the Connecticut decree.

In the trial of the cause the separation agreement was offered and admitted into evidence and was properly before the trial court for his consideration.

We have heretofore ordered remand of this cause and we now direct the trial judge on remand to make and enter his special findings of fact and conclusions of law, together with his judgment thereon, pertaining to Adele's allowance for attorney fees based on the separation agreement. (Rule AP. 15)

Appellee's Motion to Dismiss or Affirm is hereby denied.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 308 N.E.2d 429.