## FISHER v. UNDERWRITERS AT LLOYD'S, LONDON.

### No. 8061.

Circuit Court of Appeals, Seventh Circuit.

Dec. 9, 1942.

---

David J. Kadyk and Leonard F. Martin, both of Chicago, Ill., for appellant.

Norman Crawford, of Chicago, Ill., for appellee.

Before EVANS, KERNER, and MINTON, JJ.

EVANS, Circuit Judge.

In view of our previous decisions we need consider only two questions. (1) Does the evidence support the finding of plaintiff's employment by the three impresarios? (2) Should the court have entered a summary judgment in this case under Rule 56 of the Federal Rules of Civil Procedure?

Counsel for appellant argue that the affidavits upon which plaintiff relies, do not show loss because of the accident. The trial court thought otherwise. If defendant were in doubt as to plaintiff's veracity or were uncertain as to the meaning of the words in the affidavits (which words were neither doubtful nor uncertain to the trial court), it could have adversely examined the plaintiff. We agree, however, with the District Court that the affidavits were not of doubtful meaning, but showed loss by plaintiff of more than $200 per day because her accident prevented her from carrying out her existing contract with the impresarios under whom she was performing.

The entry of a summary judgment was justified in view of the fact that previous trials and appeals had narrowed the issues to a single one of fact. That fact was established by affidavits (if proof there was) which were not controverted or opposed by any proffered proof on the part of the defendant.

It was, therefore, we think, a clear case for final and prompt disposition. If the affidavits supplied the necessary proof of damage, the summary judgment should be for the plaintiff. If the affidavits failed on

the single question in issue, then defendant was entitled to the summary judgment.

Agreeing with the District Court as to the existence of such proof, and that it established the plaintiff's contention, we conclude that the judgment should be, and it is,

Affirmed.