**W. D. MacKAY, Appellant,**

v.

**AMERICAN POTASH & CHEMICAL CO.,**
**Inc., a corporation, and Stauffer Chem-**
**ical Company, a corporation, Appellees.**

**No. 16135.**

United States Court of Appeals
Ninth Circuit.

June 29, 1959.

Rehearing Denied Oct. 2, 1959.

W. D. MacKay, in pro. per.

Gibson, Dunn & Crutcher, Martin E. Whelan, Jr., Los Angeles, Cal., for American Potash.

Vincent H. O'Donnell, Fredrik S. Waiss, San Francisco, Cal., for Stauffer.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

Before us for review is an appeal by plaintiff [appellant] from a summary judgment granted by the district court in favor of defendants [appellees] and entered on April 9, 1958.

Jurisdiction of the district court is based on Title 28 U.S.C., Sections 1332 and 1441. The plaintiff is a citizen and resident of the State of California, and the defendants are corporations incorporated under the laws of the State of Delaware. The amount in controversy is in excess of $3,000, exclusive of interest and costs. The jurisdiction of this Court is derived from Title 28 U.S.C. Section 1291.

The action was instituted in the Superior Court of the State of California, in and for the County of Los Angeles, on or about July 10, 1957. It was properly removed to the district court on August 2, 1957.

The complaint contains three causes of action. In the first cause of action plaintiff alleges "That on or about the fifteenth day of July, 1952, at Los Angeles, California, the plaintiff and the defendants mutually agreed that plaintiff should serve the defendants and each of them in securing natural gas service to the defendants' plants located in or about Trona, California, and that the plaintiff be compensated in a reasonable amount to be agreed upon by the plaintiff and defendants if the plaintiff secured said natural gas service," and "That thereafter on April 11, 1955, as a result of plaintiff's services and efforts, defendants made a contract with Pacific Gas & Electric Company on or about July 12, 1955, the California Public Utilities Commission approved such contract by Decision No. 51666. That thereafter, on or about October 1, 1955, Pacific Gas & Electric Company commenced delivering natural gas to defendants under such contract and the defendants and each of them ever since have received and used the benefits therefrom." It is further alleged that the plaintiff timely demanded reasonable compensation for his services from the defendants and that they refused to make payment. The second cause of action seeks a declaration of the rights and duties of the parties based upon the contract alleged in the first cause of action. The third cause of action seeks the sum of $250,000 on a common count for the services alleged in the first cause of action.

Defendants denied the making of any contract with plaintiff or the performance by plaintiff of any services for either of the defendants, but admitted the making of contracts for the supplying of natural gas service with Pacific Gas & Electric Company, but denied that plaintiff performed any service in connection therewith.

Following pretrial procedures, motions for summary judgment were filed by both defendants. After several continuances of the hearing on the motions, hearing was held resulting in the entry of summary judgment.

Appellant's specification of errors is as follows:

"1. The Court Below Erred in Granting a Summary Judgment.

"A. The Court Erred in Failing to Strike Material Portions of Affidavits in Support of the Motion for Summary Judgment.

"B. The Court Erred in Refusing to Grant a Continuance for Further Discovery Procedures.

"C. The Court Erred in Law as to the Propriety of a Summary Judgment Under the Facts in the Record.

"D. The Findings of Fact and Conclusions of Law Were Contrary to the Few Facts Developed Below.

"E. Substantial Material Issues of Fact Were Controverted and Existed and a Summary Judgment Was Improper."

We will consider together sub-titles C, D and E of the specifications of error since they all revolve around appellant's main contention that the court erred in granting summary judgment because of the claimed existence of a material issue of fact.

Defendants' motions for summary judgment were based on the contention that the contracts to supply natural gas which were entered into by defendants and Pacific Gas & Electric Company were not entered into as a result of appellant's services or efforts.

The motions were made upon the files and records, the responses of plaintiff to defendants' interrogatories, and the affidavit of Robert B. Coons, George Ellis, J. H. Guntz, W. M. Jacobs and William Spaulding.

The interrogatories were designed to elicit from plaintiff any claimed connection between him, or any activity on his part, and the obtaining by defendants of the natural gas service from Pacific Gas & Electric Company. In response to interrogatories 1 and 2, plaintiff admitted that at no time on or prior to April 11, 1955 (the date of the contracts between Pacific Gas & Electric Company and defendants under which defendants obtained natural gas service), or between April 11, 1955 and October 1, 1955 (the date said contracts were approved by the Public Utilities Commission of the State of California and the date on which natural gas service was actually started) did he have any contact of any kind with any officer, agent or employee of Pacific Gas & Electric Company in any way relating to the furnishing of natural gas service to the area of Trona, California, or to any plant of either defendant in that area.

By interrogatories 3 and 4, plaintiff was asked as to his personal knowledge, and as to his information other than personal knowledge, of any person (other than the officers or employees of defendants and Pacific Gas & Electric Company) who had anything to do with interesting Pacific Gas & Electric Company in furnishing natural gas service to the Trona area or to either of the defendants' plants in that area. The only persons listed by plaintiff in response to such interrogatories are Howard L. Minister and Clarence L. Alliman, both connected with the 11th Naval District, San Diego, California, who plaintiff stated met with representatives of Pacific Gas & Electric Company in 1951 and 1952, inquiring as to the availability of natural gas to the United States Naval Ordnance Depot, China Lake, California.

By interrogatories 5 and 6, plaintiff was asked as to his activity in connection with the approval of the contracts by the Public Utilities Commission of the State of California. Plaintiff stated that he did not participate in the hearing, nor does he recall any communication with anyone connected with the Commission with reference to the furnishing of natural gas to the Trona area or to defendants' plants. If he had any such communication it had no relationship to any attempt to obtain Commission approval.

The affidavits filed in support of defendants' motions, except the affidavit of William Spaulding, are by officers and employees of Pacific Gas & Electric Company, the defendants, and Southern California Gas Company. The plaintiff filed a motion to strike certain affidavits or, in the alternative, specified portions thereof, on the grounds that the affidavits failed to conform to the requirements of Rule 56(e), Federal Rules of Civil Procedure, 28 U.S.C., in that the portion sought to be stricken consisted of hear-

say, immaterial and conclusionary matters. There is nothing in the record to indicate the district judge ruled on the motion. The failure of the court to rule on the motion, if error, is harmless since the affidavits are merely cumulative to and confirmatory of plaintiff's responses to the interrogatories, that he did not have any contact of any kind with any officer, agent or employee of Pacific Gas & Electric Company in any way relating to the furnishing by said company of natural gas service to the defendants.

■ The affidavit of William Spaulding consists of portions of the deposition of plaintiff under oath, taken by defendant American Potash & Chemical Co., pursuant to an application to perpetuate testimony, a proceeding in the Superior Court of the State of California in and for the County of Los Angeles. The application to perpetuate testimony and plaintiff's deposition were taken as a result of a claim of plaintiff which was substantially the same as the allegations contained in plaintiff's complaint in this case. While plaintiff objected to the use of the portions of the deposition contained in the affidavit, we find no merit to the objections. Clearly, admissions of a party relating to a material issue made under oath in deposition form may be considered in passing upon the motion for a summary judgment. It is clear from the answers given by plaintiff that he was to receive no compensation unless his efforts procured natural gas service for the defendants from the Pacific Gas & Electric Company.

■ In opposition to the defendants' motion for summary judgment plaintiff filed only his own affidavit, which in pertinent parts states:

"That he demonstrated the feasibility and desirability of gas service to the subject defendants' to the representatives of the Southern California Gas Company in the fall of 1952. That to the best of his knowledge and belief P G & E had never been interested in servicing the defendants. That he offered to contact P G & E personnel to expedite discussions between the defendants, P G & E and the Southern California Gas Company complex (The Pacific Lighting Group) but that representatives of defendants and the Pacific Lighting Group advised him they would take the next step of initiating such negotiations and/or discussion.

"That the area under discussion is a 'fringe' area, and that gas service to users in such area is normally the subject of direct negotiations between the P G & E and the Pacific Lighting Group;

"That to the best of his knowledge and belief, he induced, effected and set in motion the chain of events that directly and proximately culminated in the contract between P G & E and defendants.

"That he is at a loss to explain certain statements, made by defendants' affiants which are contrary to his knowledge and belief of the activities of the parties. That such sharp conflict as to such questions of fact can only be resolved by a trial with full and proper cross-examination.

"That plaintiff cannot now oppose statements of Messrs. Jacobs and Gumz [Guntz] that each of them did not contact the other's employer company, and the unwarranted inference that no one in either company contacted the other company, since such facts are peculiarly within the knowledge of the executive personnel of P G & E and the Pacific Lighting Group.

"That plaintiff has not yet taken the depositions of such personnel since he had no reason to believe that qualified denials of such inter-company negotiations would be made. In addition such procedure would be very expensive, and unless essential, plaintiff did not wish to incur such expense.

"That if and only if the determination of the motion for summary judgment turns on the presence or absence of negotiations and/or contracts and/or discussions between such executive personnel, plaintiff desires to take their depositions."

It is to be noted that the statements contained in the affidavits are largely conclusionary and immaterial and do not constitute evidentiary facts. Furthermore, in several particulars the statements are contradictory of plaintiff's responses to the interrogatories.

The motions for summary judgment were based on the ground contracts to supply natural gas which were entered into by defendants and Pacific Gas & Electric Company were not entered into as a result of appellant's services or efforts. The truth of this contention was supported by plaintiff's responses to the interrogatories. In the portion of plaintiff's deposition contained in the Spaulding affidavit, plaintiff admitted that he was to receive no compensation unless his efforts procured natural gas service for the defendants from Pacific Gas & Electric Company. Plaintiff's affidavit fails to disclose any fact showing or tending to show that the contracts to supply natural gas which were entered into by defendants and Pacific Gas & Electric Company were the result of any service or effort on his part. The trial court was therefore justified in granting the summary judgment.

As stated by the court in Byrnes v. Mutual Life Insurance Company of New York, 9 Cir., 217 F.2d 497, at page 500, certiorari denied 348 U.S. 971, 75 S.Ct. 532, 99 L.Ed. 756:

"In determining the matter [summary judgment], resort is had to extrinsic facts through affidavits, admissions and the like in order to find out if there is a real issue. This implies that such a finding will be made despite the fact that the pleadings as they stand present such issue. Fletcher v. Krise, 1941, 73 App.D.C. 266, 120 F.2d 809, 812; Miller v. Miller, 1941, 74 App.D.C.

216, 122 F.2d 209, 212; Koepke v. Fontecchio, 9 Cir., 1949, 177 F.2d 125, 127; Dewey v. Clark, 1950, 86 U.S.App.D.C. 137, 180 F.2d 766, 770–772.

"This and other Courts of Appeal have had occasion to apply the principle readily. They have generally held that if the pleadings and affidavits show that there is no issue as to any fact material to the determination of the question, summary judgment should be granted. Gifford v. Travelers Protective Ass'n, 9 Cir., 1946, 153 F.2d 209, 211; Leishman v. Radio Condenser Co., 9 Cir., 1948, 167 F.2d 890, 892; Suckow Borax Mines Consolidated, Inc. v. Borax Consolidated, Inc., 9 Cir., 1950, 185 F.2d 196; Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469; Fisher v. Underwriters at Lloyd's, London, 7 Cir., 1942, 131 F.2d 1016; Beidler & Bookmyer, Inc. v. Universal Ins. Co., 2 Cir., 1943, 134 F.2d 828; Compania De Remorque y Salvamento, S. A. v. Esperance, Inc., 2 Cir., 1951, 187 F.2d 114; Columbia Hospital for Women and Lying-In Asylum v. United States Fidelity & Guaranty Co., 1951, 88 U.S.App.D.C. 251, 188 F.2d 654. The burden to show clearly that there is no genuine issue is on him who makes the motion. Wittlin v. Giacalone, 1946, 81 U.S.App.D.C. 20, 154 F.2d 20, 21–22; Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 1951, 190 F.2d 817, 824; F. A. R. Liquidating Corp. v. Brownell, 3 Cir., 1954, 209 F.2d 375, 379–380."

Plaintiff's contention that the court erred in refusing to grant continuances for further discovery proceedings is without merit when considered in the light of the record.

While plaintiff appears in propria persona on this appeal, the record discloses that he has had the counsel and advice of attorneys throughout this litigation. From August 2, 1957 to March 7, 1958 (the date of the entry of summary judg-

ment), the plaintiff initiated no discovery proceedings. A pre-trial conference was ordered by the court for October 7, 1957. The hearing was continued at the request of plaintiff to November 18, 1957. Further continuance was granted by the court at the request of plaintiff to December 16, 1957. On this date Gerald H. Gottlieb appeared as attorney for the plaintiff, and at his request the trial court continued the hearing to January 13, 1958. On such date the court continued the hearing to January 27, 1958 at the request of plaintiff's counsel. On January 27, 1958, Mr. Gottlieb withdrew as plaintiff's counsel, and on plaintiff's motion the hearing was continued to February 17, 1958, in order that plaintiff might obtain other counsel. On February 17, 1958 plaintiff appeared in propria persona and requested a further continuance to allow additional time to obtain counsel and to institute any discovery proceedings which he might deem necessary to oppose defendants' motion for summary judgment. At this hearing the trial judge referred to the numerous prior continuances, and stated that the continuance until March 17, 1958 would be granted. On March 11, 1958, plaintiff filed his affidavit in opposition to the defendants' motion for summary judgment, his motion to strike parts of the affidavits filed by the defendants, and for a further continuance of the hearing. On March 17, 1958, the trial judge advised the plaintiff that he would grant a thirty-day continuance provided the plaintiff reimbursed one of the defendants for the cost of the services of its attorney and his expenses in coming from San Francisco to appear at the hearing. Plaintiff refused the court's offer, and stated that he would rather spend the money on appeal. From the foregoing it clearly appears the plaintiff was granted ample opportunity by the trial judge to pursue any discovery proceedings which he might deem appropriate, and the appellant cannot properly claim any abuse of discretion on the part of the trial court.

In appellant's opening brief he raises two other questions not set forth in his specifications of error. The first question is as to whether the district court granted the motions for summary judgment or a motion to dismiss. This question is eliminated by the judgment and the findings of fact and conclusions of law which appear in the record. The second question involves the statutes of limitation. The record before this Court presents no such issue.

The judgment of the district court is affirmed.