IN RE THE MARRIAGE OF J. ARNOLD LEWIS *v.* SHIRLEY MAY LEWIS.

[No. 3-875A180. Filed March 14, 1977. Rehearing denied April 28, 1977. Transfer denied July 20, 1977.]

*Jerrald A. Crowell, Bowman, Crowell & Swihart,* of Fort Wayne, for appellant.

*Harry W. Scott, Adair, Perry, Beers, Mallers, Scott & Larmore,* of Fort Wayne, for appellee.

STATON, P.J.—The marriage of Jess Lewis and Shirley Lewis was dissolved on December 13, 1974. The trial court took the matter of property settlement under advisement. Later, February 26, 1975, the court entered its findings of fact and conclusions of law, and ordered Jess to pay $160 per week to Shirley from the date of the divorce decree to February 26, 1975. Jess contends that the trial court erred in its property settlement, in its award of attorney fees to Shirley, and in its order of $160 payments to Shirley. The decision of the trial court is affirmed in part and reversed in part.

## I.

## Abuse of Discretion

When this Court is faced with issues such as property settlement and award of attorney fees, we are not at liberty to weigh evidence. *Williams* v. *Williams* (1974), 160 Ind. App. 75, 310 N.E.2d 87; *Cox* v. *Cox* (1975), 163 Ind. App. 172, 322 N.E.2d 395. We look only for abuse of discretion. *Geberin* v. *Geberin* (1977), 172 Ind. App. 255, 360 N.E.2d 41.

### A. *Property Distribution*

Jess argues that Shirley received more than a fair and equitable share of the property. Yet, the court heard evidence

that Shirley brought assets into the marriage of over $15,800.00. Jess owned his business (Jess Lewis Transmission) and in addition had a net worth of $6,200.00. Shirley's five daughters from a previous marriage resided with Jess and Shirley during their marriage, but the daughters' social security checks (totaling, during the marital years, over $38,000.00) were contributed to family living expenses.

The court[1] awarded Shirley the family residence (market value $57,000.00 subject to a mortgage of $28,000.00), plus one-half interest in some Florida real estate ($1500.00), plus household furnishings ($2,000.00), plus two automobiles ($1,-500.00 total). Her total property award was $34,000.00.

Jess was awarded his transmission business (on which the court found a book value of $1,900.00) ; his life insurance and pension plan ($1,500.00) ; and snowmobile, canoe, gold stock, and other personal property ($2,700.00) for a total award of $6,100.00. The court further made Jess responsible for outstanding debts of the parties which equaled $4,091.00. This left Jess with a net award of $2,009.00.

The court found that Shirley had finished one year of college (art school), but was unemployed at the time of dissolution. The evidence revealed that Jess' salary income in 1973 was $20,454.00, and that he had business and other income of $13,606.00, for a total annual income of $34,060.00.

From this evidence, we conclude that the trial court did not abuse its discretion. *Burkhart* v. *Burkhart* (1976), 169 Ind. App. 588, 349 N.E.2d 707.

## B. *Attorney Fees*

Jess was ordered to pay Shirley's attorney fee in the sum of $2,200.00. Jess contends that in light of the property

---

1. The dollar amounts in parentheses are the values found by the court. Evidence was conflicting.

distribution, the award of attorney fees constitutes an abuse of discretion. IC 1971, 31-1-11.5-16 (Burns Supp. 1976) allows the trial court much latitude in ordering attorney fees. In *Brown* v. *Brown* (1973), 157 Ind. App. 672, 301 N.E.2d 400, 403, the Court of Appeals held that:

". . . The trial court has broad discretion in regard to the award of attorney fees. . . . In exercising such discretion, the trial court is not strictly limited to the present *economic* circumstances of the parties but may consider the *ability* of the parties to engage in gainful employment and to earn adequate income to comply with the court's order." (Original emphasis.)

To overturn an award of attorney fees, a clear abuse of discretion must be evident. *Linton* v. *Linton* (1975), 166 Ind. App. 409, 336 N.E.2d 687. This award is supported by the evidence and no abuse is shown.

## II.

### Support

Jess argues that Finding No. 13—"That the petitioner be ordered to pay to the respondent herein the sum of $160.00 per week pursuant to the order of the Court entered on December 13, 1974, to the date of this decree."—is erroneous. We agree.

The marriage was dissolved on December 13, 1974. Absent a finding that Shirley is "physically or mentally incapacitated to the extent that the ability of such incapacitated spouse to support . . . herself is materially affected,"[2] the trial court may make no provision for maintenance. There was no evidence, and the court did not find, that Shirley was incapacitated in any way. The fact that the trial court took the property settlement under advisement did not alter the finality of the decree as to their marital status entered on December 13, 1974. Shirley was entitled to and received temporary

---

2. IC 1971, 31-1-11.5-9 (c) (Burns Supp. 1976).

maintenance[3] up to the date that the dissolution took place, but at that time, her rights to maintenance ended. The trial court erred in its Finding No. 13.

We affirm the property distribution and the award of attorney fees, but the decision of the trial court is reversed as to Finding No. 13.

Hoffman, J., concurs; Garrard, J., concurs in result.

NOTE.—Reported at 360 N.E.2d 855.

3. IC 1971, 31-1-11.5-7 (Burns Supp. 1976); *Castor* v. *Castor* (1975), 165 Ind. App. 520, 333 N.E.2d 124.