**In re DEL–VAL FINANCIAL CORP. SECURITIES LITIGATION.**

**This Document Relates To All Actions.**

**Master No. MDL 872.**

United States District Court, S.D. New York.

July 29, 1994.

Lowey Dannenberg Bemporad & Selinger, P.C., New York City (William R. Weinstein, of counsel), for plaintiffs.

Proskauer Rose Goetz & Mendelsohn, Deloitte & Touche, New York City (Richard L. Spinogatti, of counsel), for defendant.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiffs seek discovery of internal employee records evaluating the performance of accountants formerly employed by defendant Deloitte & Touche. Deloitte & Touche opposes the discovery request, claiming that these records contain confidential personnel information. Finding that the potential relevancy of these documents to plaintiffs' claims does not outweigh the intrusiveness of the request into the privacy of the individual accountants, and does not outweigh the public policy interests in maintaining the confidentiality of internal accountant personnel evaluations, the court denies plaintiffs' discovery request.

## BACKGROUND

In this class action suit, plaintiffs have already settled with most of the defendants. Deloitte & Touche is among the remaining defendants who have refused to settle. Plaintiffs' complaint initially alleged that Deloitte & Touche violated § 11 of the 1933 Act, § 10b of the 1934 Act and Rule 10b–5 promulgated thereunder, and contained claims for common law fraud and negligent misrepresentation. However, plaintiffs have dismissed the claims for common law fraud and negligent misrepresentation, and only the federal securities claims remain against Deloitte & Touche.

Plaintiffs claim that Deloitte & Touche audited Del–Val for FY 1988 and FY 1989, and issued unqualified opinions and consents included in Del–Val's 10–K filings for those fiscal years. Consolidated Amended Complaint ("Complaint") at ¶ 102. Plaintiffs also claim that Deloitte & Touche performed auditing services in connection with the 1988 and 1989 offerings, conducted quarterly reviews in 1989 and 1990, attended meetings of the Audit Committee of the Del–Val board,

and performed other accounting and auditing services to Del–Val and Kenbee. Complaint at ¶ 102.

Plaintiffs base their 1933 Act § 11 claim of direct liability on Deloitte & Touche's alleged failure to make a reasonable investigation with respect to the statements made in Del–Val's registration statements and prospectuses. Complaint at ¶ 108. Plaintiffs' 1934 Act § 10b and Rule 10b–5 claims allege that Deloitte & Touche was aware or recklessly disregarded the likelihood that Del–Val's financial statements violated GAAP, GAAS and were materially false or misleading, that Deloitte & Touche knowingly or recklessly failed to perform a "going concern" analysis of Del–Val, and that Deloitte & Touche did not obtain concurring second partner reviews. Complaint at ¶¶ 130(d), 132, 134.

In a conference held by the court on May 13, 1994, plaintiffs requested personnel evaluations for Melvyn Dobrichovsky, Michael Walker, Lawrence Pappas, Rayna Bouchet, Tamara Zweicker and Lena Antar, all apparently accountants formerly employed by Deloitte & Touche who worked on the Del–Val/Kenbee matters. Specifically, plaintiffs requested personnel records and evaluations pertaining to all of the matters worked on by these accountants during their employment at Deloitte & Touche.

## DISCUSSION

■ This court applies a balancing test in order to resolve discovery disputes concerning requests for confidential internal employee evaluations. *Quinn v. National Basketball Ass'n,* 1992 WL 179781 at *2–3 (S.D.N.Y. July 23, 1992); *Apex Oil Co. v. DiMauro,* 110 F.R.D. 490, 496 (S.D.N.Y.1985); *Compagnie Francaise D'Assurance v. Phillips Petroleum Co.,* 105 F.R.D. 16, 39–40 (S.D.N.Y.1984); *New York Stock Exchange v. Sloan,* 22 Fed. R.Serv.2d 500, 504–05 (S.D.N.Y.1976); *accord, In re Sunrise Securities Litigation,* 130 F.R.D. 560, 580 (E.D.Pa.1989); *Matter of Hawaii Corp.,* 88 F.R.D. 518, 524 (D.Haw. 1980). To satisfy this test, the party seeking discovery must first demonstrate that the information sought is clearly relevant to the issues or subject matter of the underlying

action. The court then balances the need for discovery against the potential harm to the subject of the discovery request, taking into account the relevant public policy considerations and the ability or inability of the party seeking discovery to obtain the desired information from other sources. *See, Quinn,* 1992 WL 179781 at *2–3; *Apex Oil,* 110 F.R.D. at 496; *Sloan,* 22 Fed.R.Serv.2d at 504–05.

█ Plaintiffs concede that Deloitte & Touche has already produced internal personnel records evaluating the performance of its accountants on the Del–Val/Kenbee audits. Plaintiffs' current request seeks the personnel records evaluating their performance on all other work they performed while employed by Deloitte & Touche. These evaluations appear to relate only to work performed for clients completely unrelated to Del–Val and Kenbee. Plaintiffs claim that such information is necessary to establish that Deloitte & Touche acted intentionally or recklessly in performing its audits of Del–Val and Kenbee. The court assesses the relevancy of these evaluations in light of the fact that plaintiffs have dismissed their common law fraud and negligent misrepresentation claims against Deloitte & Touche, and that only federal securities claims remain.

Despite the fact that this dispute is at an advanced stage of discovery, plaintiffs have provided little reason to believe that these personnel records contain information relevant to their federal securities claims. Plaintiffs have deposed many of the accountants whose employee evaluations they now seek. In addition, defendant has produced the worksheets used by the Deloitte & Touche accountants on the Del–Val/Kenbee audits, as well as other documentary materials. Despite this substantial discovery, plaintiffs cite purely speculative and unfounded reasons to believe that the employee evaluations contain information that may lead to evidence relevant to their claims.

Faced with similar accountant evaluations, Judge Lasker denied the discovery request, finding that "the employees' evaluations at issue here do not seem relevant to those issues in dispute. They do not appear to deal with the performance of the Orvis Brothers audit, but only with what the [accounting firm] management thought of the employees it assigned to the audit." *Sloan,* 22 Fed.R.Serv.2d at 502. Here, plaintiffs have had the opportunity to depose the accountants whose records are now being sought and to develop other sources of information regarding their qualifications. Plaintiffs have also received the evaluations of their work on the Del–Val/Kenbee matters. Plaintiffs fail to cite any information contained in these depositions and other discovery materials indicating that relevant information remains to be discovered in the documents now sought.

Even assuming that these evaluations bear some relevance to the issues involved in this case, the potential harm of releasing them outweighs their possible relevance. Disclosure of internal accountant evaluations would invade the privacy of the employees and provide a disincentive for firms to "frankly criticize and rate their own performance, for fear that any written evaluations they make might be used against them or their employees in a lawsuit." *Sunrise,* 130 F.R.D. at 580; *see Sloan,* 22 Fed.R.Serv.2d at 504. Given these precedents and an insufficient showing of relevance by plaintiffs, the request must be denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' request for production of internal employee evaluations of Melvyn Dobrichovsky, Michael Walker, Lawrence Pappas, Rayna Bouchet, Tamara Zweicker and Lena Antar is denied.

SO ORDERED.